UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NAILON BLAIR,

                    Petitioner,

v.                                                9:23-CV-1015
                                                                 (MAD)

E. LOWERRE, Superintendent,

                    Respondent.

---

APPEARANCES:                                                OF COUNSEL:

NAILON BLAIR
Petitioner, pro se
19-A-3078
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

       Petitioner Nailon Blair seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1], [2] Petitioner remitted the statutory filing fee with his pleading. Dkt. Entry dated 07/27/23 (memorializing receipt information for filing fee transaction).

       For the reasons which follow, the instant petition is deemed premature and is dismissed, without prejudice, as being unexhausted.

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] This action was originally filed in the United States District Court for the Western District of New York; however, on August 17, 2023, it was transferred to this District. Dkt. No. 2, Transfer Order; Dkt. No. 3.

## II. PETITION

Petitioner challenges a 2019 criminal conviction, upon a guilty plea from Schenectady County, of second degree burglary. Pet. at 1-2; *accord People v. Blair*, 205 A.D.3d 1227, 1227 (3rd Dep't 2022).

The New York State Appellate Division, Third Department, affirmed petitioner's conviction, and, on July 29, 2022, the New York State Court of Appeals denied petitioner's application for leave to appeal. Pet. at 3-4; *accord Blair*, 205 A.D.3d at 1229, *lv. appeal denied by*, 38 N.Y.3d 1132 (2022).[3] Petitioner did not seek a writ of certiorari from the United States Supreme Court or file any other post-conviction motions or state court collateral challenges. Pet. at 4-5.

Petitioner argues that he is entitled to federal habeas relief because (1) his plea was not knowing, voluntary or intelligent as it was given under duress, Pet. at 5-6, 12-15; (2) petitioner's trial and appellate counsel were both constitutionally ineffective, *id.* at 4-9, 16-18; and (3) his sentence is harsh and excessive, *id.* at 7, 19-20. For further explanation of these claims, reference is made to the petition.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has

---

[3] The Third Department held that (1) petitioner's waiver of his right to appeal was invalid; (2) petitioner's claims that his plea was not knowing, intelligent and voluntary and his trial counsel was constitutionally ineffective were unpreserved as petitioner failed to make the appropriate post-allocation motions; (3) while the "narrow exception to the preservation rule was triggered" regarding petitioner's plea claims, petitioner's "fail[ure] to express any dissatisfaction with the court's remedial action," resulted in him waiving future challenges to his allocution and rendered his plea knowing, intelligent and voluntary; and (4) petitioner's sentence was neither harsh nor excessive. *Blair*, 205 A.D.3d at 1227-29.

Petitioner indicates that the same three grounds of an unconstitutional plea, constitutionally ineffective trial counsel, and a harsh and excessive sentence were presented in his application for leave to appeal to the Court of Appeals. Pet. at 4.

2

exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

"In New York, to invoke one complete round of the State's established appellate review process, a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). Accordingly, petitioner brought his claims about the adequacy of his plea and trial counsel, as well as his resulting criminal sentence, in his direct appeal.[4] Therefore, it appears these three claims have been properly exhausted.

---

[4] While petitioner contends that he did not assert his ineffective assistance of trial counsel claim on his direct appeal, Pet. at 6, the Third Department specifically addressed that claim and denied it as unpreserved for review, *Blair*, 205 A.D.3d at 1228. Therefore, despite petitioner's contrary assertions, it appears his claim was exhausted.

3

However, petitioner's fourth claim, arguing ineffective assistance of appellate counsel, was not asserted as a basis for relief in the direct appeal. Petitioner explicitly admits that this claim was not otherwise exhausted in a collateral challenge because petitioner "had no knowledge of how to proceed against an appellate attorney until [he] received help from a law clerk, here at Five Points." Pet. at 8. Therefore, this claim is unexhausted.

> When a petitioner files a "mixed petition"—that is, one containing both exhausted and unexhausted claims—a district court has discretion to proceed in any of four ways. *See Rhines v. Weber*, 544 U.S. 269,] 273–74 [(2005)]. . . .
>
> [(1)] the Court may dismiss the entire petition without prejudice so that the petitioner may exhaust his unexhausted claims. This option is appropriate where a dismissal would not jeopardize the petitioner's ability to satisfy the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period. *See Zarvela v. Artus*, 254 F.3d 374, 380 (2d Cir.2001). . . .
>
> [(2)] the Court may stay the petition to allow the petitioner to return to state court and exhaust his claims. *See Rhines*, 544 U .S. at 277. This option is available only if (1) the petitioner has shown good cause for failing to exhaust and (2) the unexhausted claims are not plainly meritless. *See id.* . . .
>
> [(3)] the Court may allow the petitioner to delete the unexhausted claims and proceed with only his exhausted claims. *See Grady v. LeFevre*, 846 F.2d 862, 865 (2d Cir.1988). This option is available only if the "petitioner expressly and unequivocally acknowledged to the district court that he was abandoning his unexhausted claims" and those claims are not intertwined with his exhausted claims. *Id.* . . .
>
> [(4)] the [C]ourt may deny a mixed petition on the merits if it determines that the unexhausted claims are meritless. *See* 28 U.S .C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State."); *see also Velazquez v. Poole*, 614 F.Supp.2d 284, 311 (E.D.N.Y.2007).
>
> The Court has discretion to decide which of these methods to employ when a petitioner files a mixed petition. *See Rose v. Lundy*,

4

455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

*Grist v. Griffin*, No. 1:13-CV-5806, 2014 WL 347365, at *2 (E.D.N.Y. Jan. 30, 2014) (alterations added).

Here, the Court is presented with a mixed petition because three of petitioner's four claims are exhausted and one is not. Initially, the undersigned contemplated whether the third option would be best, providing petitioner with the choice to move forward with his petition by voluntarily withdrawing his ineffective assistance of appellate counsel claim, as it is unexhausted, and continuing on with his remaining three claims. *See Zarvela*, 254 F.3d at 382.

However, because petitioner seeks relief pursuant to section 2254, any potential claims are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b). Petitioners are generally permitted to only file one section 2254 petition challenging a particular state court judgment. Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit. 28 U.S.C. § 2244(b).

Because of these restrictions, if petitioner voluntarily withdraws his ineffective assistance of appellate counsel claim and moves forward without it, he may forever lose the ability to bring this claim in federal court. Accordingly, given petitioner's representations in his pleading – demonstrating his knowledge of what must happen in order to exhaust and move forward with his unexhausted claim – and his abilities thus far timely pursuing the instant judicial remedies, as well as the interests of efficiency and fairness – so that all of

5

petitioner's alleged constitutional violations can be presented before the Court – dismissal without prejudice is a more appropriate solution.[5]

With respect to the first, and ultimately best, option – dismissing the instant petition as premature – there is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b) (1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).

Pursuant to New York law, a writ of error "coram nobis is the appropriate remedy for ineffective assistance of appellate counsel[ and t]here is no time limit for filing [said] writ[.]" *Smith v. Duncan*, 411 F.3d 340, 348 n.6 (2d Cir. 2005) (citing cases). Further, by petitioner's own admission, petitioner has been apprised of, and received advice from a law clerk regarding, the proper state court remedy to successfully exhaust his last claim. Given that there is no time limit to file a writ of coram nobis, the remedy is still available to petitioner. Therefore, it is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii); *O'Sullivan*, 526 U.S. at 845.

Further, it does not appear that dismissal will jeopardize petitioner's ability to then timely re-file his petition in accordance with the AEDPA. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became

---

[5] However, if petitioner disagrees, he may file a motion to reopen accompanied by an amended petition including only the exhausted claims for relief. Petitioner is again warned that this option may foreclose his ability to challenge any other alleged constitutional violations, including the ineffective assistance of counsel, in a subsequently filed petition.

final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[6] More specifically, this occurs when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

Here, the Court of Appeals denied petitioner's application for leave on July 29, 2022; therefore, his conviction became final ninety days later, on October 27, 2022, when his time to seek certiorari expired. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez*, 565 U.S. at 149-50 & n.9. Thus, petitioner has until October 27, 2023, to timely file the instant petition. Stated another way, as of the date of this decision, petitioner has sixty (60) days left in the statutory limitations period.

The Second Circuit indicated that if a petitioner's claims were unexhausted – requiring a return to state court – and the petitioner had less than sixty (60) days left in the one-year limitations period, courts should consider granting petitioners a stay. *Zarvela*, 254 F.3d at 381-82. Specifically, the petitioner should be provided with at least two, thirty-day intervals – beyond the one-year limitations period – in a solution the Second Circuit deemed consistent with the spirit of the AEDPA and balanced and equitable to ensure the petitioner's ability to pursue justice. *Id.* The Second Circuit opined that the first thirty-day period was an

---

[6] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

appropriate length of time to expect a petitioner to successfully commence the applicable state court process for exhausting his federal habeas claims and the second thirty-day period provided a reasonable time frame for petitioner to return to federal court after said state court remedies were exhausted.  *Id.*  A district court in this Circuit used the thirty-day period as a litmus test to justify dismissing a habeas petition, instead of granting a stay, because petitioner had three months to return to state court and seek review of his unexhausted claim.  *See Edwards v. Choinski*, No. 3:05-CV-0444, 2005 WL 3334442, at *5 (D. Conn. Dec. 5, 2005).

     Here, because petitioner has exactly sixty days left in his limitations period, a stay would not yet be indicated.  However, acknowledging how close this case comes to that suggested line, the undersigned resolved to further explore whether a stay would be preferable in order to prevent undue prejudice from befalling petitioner.  The present pleading indicates petitioner received assistance and guidance on what state court procedure was required to exhaust his ineffective assistance of appellate counsel claim.  Further, petitioner needs to advance only one claim in his collateral attack.  Moreover, petitioner has effectively advocated for himself during the instant action; therefore, this Court has no doubt petitioner can successfully initiate the proper proceedings to exhaust his state court remedies.

     Additionally. petitioner has already drafted the petition he intends to file with the Court.  He just needs to first exhaust all his remedies, by asserting his claim of ineffective assistance of appellate counsel in a coram nobis petition, before his claims can all be considered.  Therefore, the undersigned sees this as a situation similar to the petitioner in *Edwards*.  While petitioner does not have an excess of time available, he has something similarly, if not more, valuable.  Petitioner has the lions' share of the work done that the Second Circuit

estimated it would take a petitioner an additional sixty days to complete. Therefore, petitioner does not require a stay because he (1) knows what he wants to argue and where the pleading needs to be filed in order to successfully exhaust his claims and (2) has already drafted the instant petition which will only require re-filing to properly commence a new action when exhaustion is complete.

With respect to the other two options, the Court finds both of them less desirable given the present posture of the action. First, petitioner did not request a stay. However, to the extent that was petitioner's intention, it would be unsuccessful.

A stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Because there is no exact definition of what constitutes good cause and the Supreme Court has only once provided an example of such behavior, "district courts have defined good cause in various ways." *Miller v. Graham*, No. 1:16-CV-0687, 2019 WL 1506969, at *2 (W.D.N.Y. Apr. 5, 2019) (citing cases).

> Some courts have analogized the "good cause" analysis to that of the "cause" analysis required to overcome a procedural bar. "They find, therefore, that good cause 'must arise from an objective factor external to the petitioner which cannot fairly be attributed to him or her.'" . . . Others have interpreted . . . that "good cause" . . . need not be based on any factor external to petitioner but rather is "a broader, more forgiving concept."

*Id.*, 2019 WL 1506969, at *2 (internal citations omitted).

Petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. While petitioner states, as a layman without legal education or training, he was unaware of how to properly exhaust his

9

claim before speaking with an inmate law clerk at Five Points, he "expresses no confusion over whether a [writ of coram nobis] filed in the future would be timely; in fact, there is no time limit on . . . [such a filing a]nd [petitioner] gives no good reason for not pursuing that course before coming to this Court." *Miller,* 2019 WL 1506969, at *2*.*  Further, petitioner shows no external factor preventing him from engaging in his state court remedies. Petitioner does not appear to have any difficulty navigating through the state court for a direct appeal.  Additionally, petitioner has not demonstrated any difficulties pursuing the present habeas petition in this Court.  Thus, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf. Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Finally, given the amount of information presently before the Court, it cannot determine whether petitioner's claims are "plainly meritless", as required for the third option, or "meritless", as required for the fourth.

Therefore, based on the foregoing, the petition is dismissed without prejudice as premature.  Petitioner can re-file one complete petition once petitioner has pursued and exhausted all the claims he wants to raise in the state courts.  *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so.  Accordingly, we dismiss DiGuglielmo's petition without prejudice.  This will allow DiGuglielmo to pursue any

procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[7]

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** as premature for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[8]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: August 29, 2023
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[7]   The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

[8]   *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).